UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**FREDERICK PAP ET AL**               CASE NO. 2:21-CV-04255

**VERSUS**                            JUDGE JAMES D. CAIN, JR.

**FEDNAT INSURANCE CO**               MAGISTRATE JUDGE LEBLANC

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 26] and Motion to Stay [*id.*] filed by defendant Louisiana Insurance Guaranty Association ("LIGA"), relating to the complaint [doc. 17] filed by intervenor Cat 5 Pro LLC ("Cat 5").

### I.
### BACKGROUND

This suit arises from damage to plaintiffs' home at 4818 Taimer Street, Lake Charles, Louisiana, in Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020. At all relevant times the property was insured under a policy issued by FedNat Insurance Company. Plaintiffs allege that FedNat failed to timely or adequately compensate them for their covered losses. They filed suit in this court on December 10, 2021, raising claims of breach of insurance contract and bad faith. Doc. 1. Cat 5 moved to intervene without opposition on August 17, 2022, and the court granted the motion. Docs. 14, 16. In its intervenor complaint, Cat 5 alleged that it had entered into a contract with plaintiff Patricia Pap to perform mitigation services at the subject property and that Mrs. Pap had thereby "assigned her insurance rights, benefits, and proceeds to Cat 5 for

the portion of the claim Cat 5 completes." Doc. 17, ¶¶ 1–2. It further alleged that it was owed $109,261.93 for work performed at the Paps' property and invoiced to FedNat. *Id.* at ¶¶ 4–5.

One month later, the case was stayed upon FedNat's filing of a Notice of Order of Liquidation. Doc. 18. Plaintiffs then chose to pursue relief in state court. On December 21, 2022, they filed suit against LIGA[1] in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana. There they raised claims of breach of insurance contract and bad faith arising from Hurricane Laura damage at 4818 Taimer Street. Doc. 26, att. 2. The court administratively closed the federal case in May 2024. Doc. 20. Shortly thereafter, Cat 5 moved to reopen the case and substitute LIGA as defendant. Doc. 21. The court granted the requested relief. Doc. 22. LIGA now moves to dismiss Cat 5's intervention or stay this suit based on the abstention doctrine laid out in *Colorado River Water Conservation District v. United States*, 414 U.S. 800 (1976). In response Cat 5 states that it has sought leave to intervene in the state court suit and requests that the court stay this matter until the state court has ruled on that request. Doc. 28.

## II.
## LAW & APPLICATION

"Under the *Colorado River* doctrine, a court may abstain from a case that is part of parallel, duplicative litigation under 'exceptional circumstances.'" *Saucier v. Aviva Life and Annuity Co.*, 701 F.3d 458, 462 (5th Cir. 2012). Accordingly, the court must first

---

[1] LIGA is an unincorporated association created under Louisiana law to stand in the place of insolvent insurers. *See* Carey J. Guglielmo & Daniel J. Balhoff, *The ABC's of LIGA*, 53 La. L. Rev. 1759 (1993); La. R.S. § 22:2052.

determine whether the suits are parallel before asking at the second prong whether "exceptional circumstances" warrant abstention. *Kelly Inv., Inc. v. Cont'l Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002). State and federal suits are "parallel" under this doctrine if they involve the same parties and same issues. *Brown v. Pacific Life Ins. Co.*, 462 F.3d 384, 395 n. 7 (5th Cir. 2006) (citing *RepublicBank Dallas, Nat'l Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987)). The Fifth Circuit does not require, however, that the parties and issues be identical between the two suits. *See id.* ("[T]here need not be applied in every instance a mincing insistence on precise identity of parties and issues.") (internal quotations omitted). Instead, the cases are parallel if the parties and issues are "substantially the same." *Nationwide Prop. & Cas. Ins. Co. v. Buckley*, 642 F.Supp.3d 544, 549 (S.D. Miss. 2022). "As a guiding principle, courts ask whether there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Washington Int'l Ins. Co. v. Keeney*, 2020 WL 4335789, at *3 (E.D. Tex. July 28, 2020) (internal quotations omitted). Any doubts regarding the parallel nature of the suits must be resolved in favor of exercising jurisdiction. *Id.* (citing *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 592 (5th Cir. 2005)).

LIGA admits that Cat 5 is not a party to the state court litigation, but maintains that there is a substantial likelihood that suit will dispose of the claims asserted in Cat 5's intervention. This is true only to the extent that the validity of the assignment is uncontested. However, Cat 5's attempted intervention in the state court suit would render the suits sufficiently parallel for the court to proceed to the second prong. Accordingly, the court will grant the request to stay this matter pending a decision by the state court.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Stay [doc. 26] will be **GRANTED** and the Motion to Dismiss [*id.*] will be **DENIED**, without prejudice to LIGA's right to reassert it after a decision by the state court. This matter is hereby **STAYED** pending the state court's decision and the parties are directed to promptly inform the court of same.

**THUS DONE AND SIGNED** in Chambers on the 10th day of July, 2024.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE